CHARLES SESBERRY,

      Plaintiff,

vs.                                     CASE NO. 3:08-cv-989-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## <u>ORDER AND OPINION</u>

      This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments.[1] 42 U.S.C. § 405(g). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #12, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #14, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 8, 2009 (Doc. #15). The Commissioner has filed the transcript of the administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).

      Upon review of the record, the Court found the issues raised by Plaintiff were fully

---

[1]This Court would note that the ALJ references an application for SSI filed on January 31, 2005, however, this application is not included within the record provided to the Court.

briefed and determined oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff filed an application for DIB on or about December 30, 2002 (Tr. 45-47). Plaintiff alleged a disability onset date of August 22, 2002 (Tr. 45). For purposes of this review, the Court accepts the ALJ's statement that Plaintiff also filed applications for DIB and SSI on or about January 31, 2005 (*see* Tr. 13).[2] Plaintiff's applications were denied initially and upon reconsideration. Thereafter, Plaintiff requested an administrative hearing, which was ultimately held on August 20, 2007 in Jacksonville, Florida before administrative law judge (ALJ) James R. Russell (Tr. 299-336). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Mark Capps. Plaintiff was represented during the underlying administrative proceedings by attorney Lori Gaglione (Tr. 13, 33). ALJ Russell issued a hearing decision denying Plaintiff's claim for DIB and SSI on October 29, 2007 (Tr. 10-21). Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 4-6), making the hearing decision the final decision of the Commissioner. Plaintiff's current counsel of record, Mr. Erik Berger, Esq., filed the instant action in federal court on October 16, 2008 (Doc. #1).

_____

[2]Plaintiff's counsel also refers to a January 31, 2005 file date for DIB and SSI applications (P's Brief at 2), even though the cited transcript pages clearly show a signature by Plaintiff dated December 30, 2002. Defendant's counsel makes no reference to the application date in Defendant's brief. The Court finds the omission of this application from the record to be harmless in this instance.

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION
## AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months. 20 C.F.R. §§ 404.1505, 416.905.[3] For purposes of determining whether a claimant is disabled, the law and regulations governing a claim for disability insurance benefits are identical to those governing a claim for supplemental security income disability payments. *Patterson v. Bowen*, 799 F.2d 1455, 1456, n. 1 (11th Cir. 1986). The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would

_____

[3]Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition. As the Regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health and Human Serv's*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the

relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## BACKGROUND AND ANALYSIS

Plaintiff, who was born June 10, 1961 (Tr. 45), was forty-six years old at the time of the administrative hearing. Plaintiff indicated on his Disability Report - Adult that he has a high school education and previously worked as a counter top fabricator, cook, brick mason and dishwasher (Tr. 50, 55, 62). Plaintiff testified before the ALJ that as a result of a work-related injury, he continues to suffer from pain in his left hand (Tr. 306-07). The injury occurred while Plaintiff was working as a fabricator and a router bit cut into his left hand approximately 4 cm just above the left thumb, yet the cut was not so deep as to cause a fracture to the bone (Tr. 135-37, 306). In addition to the pain in his left hand, Plaintiff complains of chronic pain in his left arm, allegedly caused by the injury to his left hand, as well as pain in his back and left leg (Tr. 144-46, 222-224, 252-53, 307-11). According to Plaintiff, he suffers from pain at a level 8 which is reduced to a level 6 with medication (Tr. 312-13).

ALJ Russell determined that Plaintiff has the severe impairments of: "left hand injury; right calf atrophy; and degenerative disc disease of the lumbar spine" (Tr. 15). ALJ Russell further found Plaintiff retained "the residual functional capacity to perform light work in regard to which he can lift/carry 10 pounds frequently; 20 pounds frequently; stand/walk 6 hours; and sit 6 hours in an 8-hour day with a sit/stand option" (Tr. 16). ALJ Russell further restricted Plaintiff's RFC by finding Plaintiff "could never climb ropes, ladders, or scaffolds; and would need to avoid concentrated exposure to unusual work place hazards" and "[h]e would also have limitations in reaching, handling, fingering, and pushing/pulling with the left

hand" (Tr. 16). Ultimately, ALJ Russell determined Plaintiff was unable to return to his past relevant work, but was capable of performing other jobs that exist in significant numbers in the national economy (Tr. 20-21).

On appeal, Plaintiff presents a single argument. Plaintiff contends that the ALJ erred by failing to evaluate and address Plaintiff's allegations of mental health impairments (P's Brief at 1). Specifically, Plaintiff argues that the ALJ failed to utilize the "Psychiatric Review Technique Findings (PRTF) pursuant to 20 C.F.R. § 404.1520a" (P's Brief at 12).

Defendant responds that contrary to Plaintiff's argument, the ALJ's decision applied the correct legal standards (D's Brief at 4-6). Defendant further asserts that Plaintiff failed to present a colorable claim of a mental impairment and the ALJ could not have found Plaintiff to have a mental impairment without violating Agency rules because the evidence presented did not establish such a claim (D's Brief at 5-6).

Upon due consideration and review of the record, the Court finds Plaintiff's argument is without merit and addresses the issue below.

### Mental Impairment Analysis

The failure of an ALJ to perform and document the special technique required for evaluation for a mental impairment requires remand of a case for further administrative proceedings; however such evaluation is required only wherein claimant has presented a colorable claim of mental impairment. *See Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005) (where a claimant presents a colorable claim of mental impairment, failure of the ALJ to complete a PRTF or incorporate its mode of analysis into his findings and conclusions requires remand); *Craft v. Astrue*, 539 F.3d 668 (7th Cir. 2008) (holding the court could not conclude the ALJ's failure to perform the PRTF analysis was harmless error despite the

ALJ's determination the plaintiff had a severe mental impairment; the court questioned the adequacy of the mental RFC determination).

In this case, unlike *Moore*, Plaintiff failed to present a colorable claim of a mental impairment. In review of the record as a whole, the Court found only two notations by medical doctors that even hint of the possibility that Plaintiff might suffer from a mental impairment. On March 22, 2007, Plaintiff apparently reported a past medical history of hypertension and depression during a consultative exam for back and leg pain (*see* Tr. 258). On June 18, 2007, Plaintiff saw Dr. Steven Dimmitt, D.O. for a follow-up visit concerning his complaints of chronic back pain (Tr. 271-72). During the exam, Plaintiff reported that he had trouble sleeping due to "[h]is emotional state" and "at times he feels depressed" from the disappointment he felt with the treatment he had received for his back pain. *Id.* Dr. Dimmitt referred Plaintiff for a psychiatric for evaluation and prescribed the antidepressant Elavil.[4] *Id.* There is no evidence in the record Plaintiff ever saw psychiatrist, psychologist or counselor for his asserted depression.

In addition to the medical evidence, when questioned as to what kind of symptoms Plaintiff had when he claimed to feel depressed, Plaintiff testified that he feels "like [he] is down, don't want to be bothered with, agitated. . . don't want to socialize with nobody . . . ." (Tr. 317.)

---

[4]The Court would note that although Dr. Dimmitt assessed that Plaintiff suffered from an adjustment disorder with depressed mood (Tr. 272), Dr. Dimmitt is in fact a Doctor of Osteopathic Medicine. Therefore, Dr. Dimmitt's assessment of Plaintiff's mental condition does not carry the weight that would attach to the opinion of a treating mental health practitioner. Furthermore, nothing in the record suggests that Plaintiff even filled the Elavil prescription. Plaintiff's testimony refers to pain medication that he was taking, but there is no reference to any other type of medication (*see* Tr. 312, 316).

Under 20 C.F.R. § 404.1508, in order to establish a mental impairment a person must show that the impairment resulted from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." Furthermore, the impairment "must be established by medical evidence consisting of signs, symptoms and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 404.1508. According to the Commissioner's Regulations:

(a) Symptoms are your own description of your physical or mental impairment. Your statements alone are not enough to establish that there is a physical or mental impairment.

(b) Signs are anatomical, physiological, or psychological abnormalities which can be observed, apart from your statements (symptoms). Signs must be shown by medically acceptable clinical diagnostic techniques. Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated.

(c) Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by the use of medically acceptable laboratory diagnostic techniques. Some of these diagnostic techniques include chemical tests, electrophysiological studies (electrocardiogram, electroencephalogram, etc.), roentgenological studies (X-rays), and psychological tests.

20 C.F.R. § 404.1528

Dr. Dimmitt's evaluation does not constitute laboratory findings or medically acceptable diagnostic techniques as he based his opinion solely on Plaintiff's own statement of symptoms and not clinical diagnostic techniques as required by 20 C.F.R. § 404.1508 and 20 C.F.R. § 404.1528 (*see* Tr. 271-72). Furthermore, Plaintiff's statement of symptoms during the hearing is insufficient under 20 C.F.R. § 404.1508 and 20 C.F.R.

§ 404.1528 to establish an impairment.

It is well established that Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.704, 404.1512(c). In this case, Plaintiff did not allege a mental impairment in the Disability Report-Adult that he completed (Tr. 48-57), nor did he make any mention of a mental impairment when he later completed the Disability Report-Appeal (Tr. 94-100). During the February 12, 2003 consultative examination, the examining doctor found Plaintiff's affect to be normal (Tr. 102-05). Plaintiff's mental status was assessed with normal findings during a September 5, 2006 visit to a physician at Shands Jacksonville, Plaintiff's treating medical facility (Tr. 223-24). Throughout the record, Plaintiff did not complain to his doctors of any mental symptoms and they did not make any such observations, other than those already noted above.

Plaintiff suggests, that even if a PRTF analysis was not required, the ALJ was required at step two to discuss why he reached the conclusion that the mental impairments were not severe by at least discussing the medical evidence available (P's Brief at 14-15). The Court finds this argument equally without merit. Plaintiff's position overlooks the fact no mental impairment that might effect Plaintiff's ability to perform work related activities was found to exist, whether severe or not severe. The ALJ did not mention Plaintiff's asserted mental impairment in the body of his decision because he was not required to do so. Contrary to Plaintiff's argument, the ALJ's silence regarding the two medical notations and Plaintiff's testimony that he feels down is not error because this evidence, without

9

more, does not establish a colorable claim of mental impairment. *See Beattie v. Astrue*, No. 5:09-cv-5-Oc-GRJ, 2009 WL 4510117 (M.D. Fla. Dec. 1, 2009) (Plaintiff's evidence of isolated hospitalization for attempted suicide and testimony of depression was insufficient to establish a colorable claim of mental impairment); *Kellerman v. Astrue*, No. 5:08-cv-373-Oc-GRJ, 2009 WL 3586554 (M.D. Fla. Oct. 28, 2009) (Plaintiff failed to establish a colorable claim of mental impairment when only a single medical record related to the asserted depression and an anti-depressant was listed as a current medication);[5] *Bryant v. Astrue*, No. 7:06-CV-00151-FL, 2008 WL 2037421 (E.D.N.C. May 12, 2008) (Plaintiff did not present enough evidence to support a colorable claim of mental impairment when the evidence consisted of a doctor's impression Plaintiff suffered from Gulf Way Syndrome based on statements of Plaintiff and another medical record with reference to Gulf War Syndrome and Post Traumatic Stress Disorder as reported by Plaintiff, but there was no evidence of follow-up on the asserted mental impairment).[6]

Under SSR 96-4p, a disability may not be found unless there is a medically determinable physical or mental impairment and no symptom by itself may establish such an impairment. SSR 96-4p, 1996 WL 374187 (S.S.A. Jul. 2, 1996). Rather, an individual's symptoms "will not be found to affect the individual's ability to do basic work activities. . .

---

[5]*Kellerman v. Astrue* was remanded to the Commissioner on other grounds.

[6]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

unless medical signs and laboratory findings show that there is a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptom(s) alleged. *Id.* In this case, as discussed above, Plaintiff's claim of a mental impairment is simply not supported by substantial evidence and the isolated references to Plaintiff's mental health are not enough to require the ALJ to address or develop the alleged mental disability.

**CONCLUSION**

Thus, upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings which were made in accordance with the applicable law and Regulations. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of February, 2010.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
     and *pro se* parties, if any